ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF BEAUFORT )<br>)<br>CHARLES D. HOLLEY and )<br>KATHLEEN HOLLEY, )<br>)<br>)<br>Plaintiffs, )<br>-vs- )<br>)<br>BEAUFORT COUNTY SHERIFF'S )<br>OFFICE, a Political Subdivision of the )<br>State of South Carolina and ROYAL )<br>WALLACE FYFE, III, Former Deputy )<br>Sheriff, Individually, )<br>)<br>Defendants. ) | IN THE COURT OF COMMON PLEAS<br><br>Civil Action No.: 2018-CP-07-_____ |

## SUMMONS
(Jury Trial Demanded)

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscriber at his office located at P.O. Box 1336, Beaufort, South Carolina 29901, within thirty (30) days of the service hereof under the South Carolina Rules of Civil Procedure, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will move for entry of Default Judgment and apply to the Court for the relief sought therein.

Respectfully Submitted,

MCDOUGALL LAWFIRM, LLC
_____s/J. Olin McDougall, II_____
J. Olin McDougall, II, Esquire
S.C. Bar No: 6948
William Thomas Bacon, IV, Esquire
S.C Bar No: 72581
Attorneys for Plaintiff
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
lin@mlflaw.co
tom@mlflaw.co
-and-

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

              s/Jared S. Newman
Jared S. Newman, Esquire
S.C. Bar No: 12930
Attorney for Plaintiff
Post Office Box 515
Port Royal, SC 29935
(843) 522-1313

Beaufort, South Carolina
September 17, 2018

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | Civil Action No.: 2018-CP-07-_____ |
| ) | |
| **CHARLES D. HOLLEY** and ) | |
| **KATHLEEN HOLLEY**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | |
| **BEAUFORT COUNTY SHERIFF'S** ) | |
| **OFFICE,** a Political Subdivision of the ) | |
| State of South Carolina and **ROYAL** ) | |
| **WALLACE FYFE, III**, Former Deputy ) | |
| Sheriff, Individually, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT
(Jury Trial Demanded)

The Plaintiffs, Complaining of the Defendants would respectfully show unto this Honorable Court, and allege as follows:

### *IDENTIFICATION OF DEFENDANTS - VENUE & JURISDICTION*

1. That, the Plaintiffs are citizens and residents of the County of Beaufort, State of South Carolina, citizens of the United States of America, and at all times complained of herein were subject to the jurisdiction of the United States of America.

2. That, all acts and/or omissions complained of herein occurred within the County of Beaufort, State of South Carolina, and wholly within the jurisdiction of the United States of America.

3. That, the Defendant, BEAUFORT COUNTY SHERIFF'S OFFICE, its officers, staff

1

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

and/or employees constitute a political subdivision of the State of South Carolina as defined in the South Carolina Tort Claims Act, Section 15-78-10 *et seq.*

4. That, at all times alleged herein, the Defendant ROYAL WALLACE FYFE, III, was employed as a sworn police officer acting under color of state law; to wit: the State of South Carolina and was acting under the authority or apparent authority of the Office of the Sheriff of Beaufort County, South Carolina at all times during the actions, inactions, and/or omissions alleged in this Complaint. Further, upon information and belief, the Defendant FYFE is a resident of Beaufort County, South Carolina.

## *GENERAL ALLEGATIONS OF FACT*

5. That, on or about February 6th 2017 the Plaintiffs' civil tort case, styled *Charles D. Holley and Kathleen Holley, his wife v. Ford Motor Company*, Civil Action Number 2013-CP-07-01151 was duly called for a trial by jury in the Court of Common Pleas for Beaufort County South Carolina.

6. That, the Common Pleas jury venire was duly qualified by Circuit Court Judge Carmen T. Mullen. After case specific *voir dire*, the Plaintiffs (Plaintiffs herein) to the civil action selected what they fairly believed was an impartial and qualified petit jury for the trial of the aforementioned suit at law and the jury was sworn to well and truly try the issues joined.

7. That, on or about the eighth (8th) day of trial, which was very near its submission to the jury, the trial court received a message from the jury foreman that two female jurors were stalked and accosted by the Defendant, Beaufort County deputy sheriff

2

ROYAL WALLACE FYFE, III (now former deputy sheriff) as the two female jurors were leaving the courthouse on the afternoon/evening of February 14th 2017. This stalking and accosting by FYFE occurred after the seventh (7th) full day of trial, and just prior to the near submission of the case to the jury for deliberation.

8. That, the Defendant FYFE followed and harassed the jury members "preaching" his personal views to the two jury members, which were highly prejudicial to the Plaintiffs' case.

9. That, through interrogation, the Defendant FYFE determined that the two females were in fact active jurors in the aforementioned civil action.

10. That, the two jurors attempted to shun Defendant FYFE's advances by increasing their pace to their vehicles and repeatedly informed Defendant FYFE that they were cautioned by the trial judge not to discuss the case with anyone.

11. That, Defendant FYFE nonetheless persisted in "preaching" his views that persons (such as the Plaintiffs) should, "take personal responsibility for their own actions."

12. That, as a direct and proximate result of the Defendant FYFE's interjection and interference with the petit jury and the Plaintiffs' right to a fair trial, the Court had no alternative but to declare a mistrial on the eighth (8th) day of trial.

13. That, the Plaintiffs' case was primarily a products liability action against Ford Motor Company involving years of exposure to benzene which the Plaintiffs contended caused Mr. Holley to severely suffer and caused Mrs. Holley losses of consortium.

14. That, the Plaintiffs in order to fully prosecute their case needed the testimony of

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

numerous expert witnesses on the subjects of liability, causation and damages, along with other trial costs and expenses. The Plaintiffs further needed to secure the testimony of expert witnesses to counter/rebut Ford's experts and to prepare for cross-examination of Ford's experts.

15. That, the Plaintiffs spent sizable sums of money for trial expenses, for which they are personally liable for the payment/reimbursement of such funds spent in the prosecution of the first trial.

16. That, Mr. Holley's health substantially declined after the first trial, to such an extent that he was unable to testify during the second trial, thus substantially impairing the Plaintiffs' ability to fully prosecute their case.

17. That, Mrs. Holley had additional burdens placed on her after the first trial for the care of her Husband and further loss of his consortium.

## FOR A FIRST CAUSE OF ACTION
( Gross Negligence)

18. That, each and every allegation of fact alleged in paragraphs one (1) through seventeen (17) are re-alleged and re-asserted herein as if verbatim.

19. That, the Defendant BEAUFORT COUNTY SHERIFF'S OFFICE was grossly negligent, wilful, wanton and/or reckless in its acts, omissions or combinations thereof in the following particulars:

   a. In the actions of Deputy FYFE tampering with petit jurors involved in the trial of a case;

   b. In the actions of Deputy FYFE following and accosting petit jurors involved

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

in the trial of a case;

 c. By failing to properly supervise Deputy FYFE;

 d. By failing to properly train Deputy FYFE;

 e. By failing to take proper precautions to protect these jurors from abusive miscreants;

 f. By failing to provide proper courthouse security during the trial of a circuit court case;

 g. By failing to protect the sanctity of an ongoing jury trial;

 h. By failing to exercise due care and caution in the administration of courthouse security;

 i. By failing to exercise slight care and caution in the administration of courthouse security; and,

 j. In other ways to be determined during discovery or at trial.

20. That as a direct and proximate result of the Defendants' gross negligence and/or recklessness, the Plaintiffs suffered substantial economic losses in the form of trial expenses, loss of state due process rights, both substantive and procedural and loss of the right to a fair trial by jury. Mr. Holley suffered diminished health, lost testamentary capacity, suffered mental anguish, then, now and will in the future. Additionally, Mrs. Holley suffered emotional pain and suffering, then, now and will in the future.

**FOR A SECOND CAUSE OF ACTION**
(Civil Rights Violations 42 U.S.C. §§1983, 1988)

21. That, each and every allegation of fact alleged in paragraphs one (1) through twenty (20) are re-alleged and re-asserted herein as if verbatim.

22. That, the Defendant FYFE was at the time a sworn deputy sheriff for the County of Beaufort, State of South Carolina.

23. That, the Defendant FYFE was in uniform, armed and clothed with the authority of the Office of Sheriff for Beaufort County.

24. That, the Defendant FYFE was acting at all times under color or pretense of state law: to South Carolina.

25. That, as a direct and proximate result of the actions of the Defendant FYFE, the Plaintiffs each suffered a loss of their federally protected rights under the United States Constitution under the Fifth, Seventh and Fourteenth Amendments.

26. That, the loss and interference of the Plaintiffs' right to a fair trial, a fair and impartial jury and due process of law at the hands of the Defendant FYFE acting under color of state law proximately caused the Plaintiffs to suffer economic, pecuniary and emotional damages.

27. That as a direct and proximate result of the Defendant FYFE's recklessness disregard and conscious indifference to the Plaintiffs' federally protected civil rights, they each suffered substantial economic losses in the form of trial expenses, loss of federal due process rights, both substantive and procedural and loss of the right to a fair trial by jury. Mr. Holley suffered diminished health, lost testamentary capacity, suffered mental anguish, then, now and will in the future. Additionally, Mrs. Holley suffered emotional pain and suffering, then, now and will in the future.

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

ELECTRONICALLY FILED - 2018 Sep 17 10:47 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

WHEREFORE, the Plaintiffs pray for judgment against the Defendant Sheriff's Office for actual damages to be determined by a jury; and as to Defendant Fyfe, the Plaintiffs for judgment against Fyfe for actual damages, together with punitive damages, costs, and attorneys fees. Plaintiffs pray for such other and further relief as the Court deems fair, equitable and just.

Respectfully Submitted,

MCDOUGALL LAWFIRM, LLC

s/J. Olin McDougall, II
J. Olin McDougall, II, Esquire
S.C. Bar No: 6948
William Thomas Bacon, IV, Esquire
S.C Bar No: 72581
Attorneys for Plaintiff
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
lin@mlflaw.co
tom@mlflaw.co

-and-

s/Jared S. Newman
Jared S. Newman, Esquire
S.C. Bar No: 12930
Attorney for Plaintiff
Post Office Box 515
Port Royal, SC 29935
(843) 522-1313

Beaufort, South Carolina
September 17, 2018

ELECTRONICALLY FILED - 2018 Oct 29 10:24 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

## AFFIDAVIT OF SERVICE

State of South Carolina          County of Beaufort          Common Pleas Court

Case Number: 2018-CP-07-01824

Plaintiff:
Charles D. Holley and Kathleen Holley
vs.
Defendant:
Beaufort County Sheriff's Office, a Political Subdivision of the State of South Carolina and Royal Wallace Fyfe, III, Former Deputy Sheriff, Individually

For: J. Olin McDougall II
McDougall Law Firm

Received by Serve-One of SC, LLC to be served on **The Honorable Alan Wilson, Attorney General for State of South Carolina, Rembert Dennis Building, 1000 Assembly Street, Suite 519, Columbia, SC 29201.** I, _Ronald J. Onyon_, being duly sworn, depose and say that on the ___4___ day of _October_, 20_18_ at _1:41_ pm., executed service by delivering a true copy of the **Letter, Summons, Complaint, Plaintiff's Request for Production to Defendants, and Plaintiff's Interrogatories to Defendants** in accordance with state statutes in the manner marked below:

( ) **CORPORATE SERVICE:** By serving _____ as _____ a person authorized to accept service.

(X) **GOVERNMENT AGENCY:** By serving _Ellen Smith_ as _Receptionist, Authorized to Accept._ of the within named agency.

( ) **NON SERVICE:** Due to reasons detailed in Comments below.

**COMMENTS:** _____

Age _60s_ Sex M/(F) Race _WHT_ Height _5'4"_ Weight _235_ Hair _BLK_ Glasses (Y)N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _4TH_ day of _October_, _18_ by the affiant who is personally known to me.

_[signature]_
NOTARY PUBLIC

My Commission Expires: _12/31/2025_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Serve-One of SC, LLC
512 Pettigru Street
Greenville, SC 29601
(864) 235-7766

Our Job Serial Number: 2018001773

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g

ELECTRONICALLY FILED - 2018 Oct 29 10:24 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

## AFFIDAVIT OF SERVICE

State of South Carolina          County of Beaufort          Common Pleas Court

Case Number: 2018-CP-07-01824

Plaintiff:
**Charles D. Holley and Kathleen Holley**
vs.
Defendant:
**Beaufort County Sheriff's Office, a Political Subdivision of the State of South Carolina and Royal Wallace Fyfe, III, Former Deputy Sheriff, Individually**

For: J. Olin McDougall II
McDougall Law Firm

Received by Serve-One of SC, LLC to be served on **P.J. Tanner, Sheriff, Beaufort County Sheriff's Office, 2001 Duke Street, Beaufort, SC 29902**. I, _Charles Fairchild_, being duly sworn, depose and say that on the __4__ day of _Oct_, 20_18_ at _12:15_ _p_.m., executed service by delivering a true copy of the **Letter, Summons, Complaint, Plaintiff's Request for Production to Defendants, and Plaintiff's Interrogatories to Defendants** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as _____ a person authorized to accept service.

(✓) GOVERNMENT AGENCY: By serving _Cpt. Mark Maddox_ as _authorized to accept_ of the within named agency.

( ) NON SERVICE: Due to reasons detailed in Comments below.

COMMENTS: _____

Age _55_ Sex (M) F  Race _White_  Height _5'9"_  Weight _190_  Hair _gray_  Glasses (Y) N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __4__ day of _Oct_, _2018_ by the affiant who is personally known to me.

_Bobbi Fairchild_
NOTARY PUBLIC

My Commission Expires: _2-16-22_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Serve-One of SC, LLC
512 Pettigru Street
Greenville, SC 29601
(864) 235-7766

Our Job Serial Number: 2018001776

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g

BOBBI FAIRCHILD
Notary Public-State of South Carolina
My Commission Expires
February 16, 2022

ELECTRONICALLY FILED - 2018 Nov 13 3:58 PM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO: 2018-CP-07-01824 |

Charles D. Holley and  )
Kathleen Holley )
 )
      Plaintiffs, )
 )   **ANSWER TO PLAINTIFFS'**
vs. )   **COMPLAINT ON BEHALF OF**
 )   **BEAUFORT COUNTY SHERIFF'S**
Beaufort County Sheriff's Office, a )   **OFFICE**
Political Subdivision of the State of )
South Carolina and Royal Wallace )
Fyfe, III, Former Deputy Sheriff, )
Individually, )
 )
      Defendants. )
 )

    The Defendant, Beaufort County Sheriff's Office, answering the Complaint of the Plaintiffs would allege unto this Honorable Court as follows:

### FOR A FIRST DEFENSE

    1.    That each and every allegation contained in the Plaintiffs' Complaint not specifically admitted hereinafter is denied and strict proof demanded thereof.

    2.    Upon information and belief, the Defendant admits the allegations contained in Paragraphs 1 and 2 of the Plaintiffs' Complaint.

    3.    The Defendant admits the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

    4.    The Defendant admits only so much of Paragraph 4 of the Plaintiffs' Complaint as alleges that the Defendant Royal Wallace Fyfe, III was, formerly,

employed as a police officer and that the Defendant Fyfe is a resident of Beaufort County, South Carolina. The Defendant denies any remaining allegations contained in Paragraph 4 of the Plaintiffs' Complaint, and demands strict proof thereof.

5. Upon information and belief, the Defendant admits the allegations contained in Paragraphs 5 and 6 of the Plaintiffs' Complaint.

6. The Defendant lacks sufficient information to form a belief as to the allegations contained in Paragraph 7 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

7. The Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint, and demands strict proof thereof.

8. The Defendant lacks sufficient information to form a belief as to the allegations contained in Paragraphs 9 through 17 of the Plaintiffs' Complaint, and accordingly, denies each and every allegation, and demands strict proof thereof.

### FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
(Gross Negligence)

9. Paragraph 18 of Plaintiffs' Complaint fails to state an allegation of fact against this Defendant, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged this Defendant denies same.

10. The Defendant denies the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, and demands strict proof thereof.

11. The Defendant lacks sufficient information as to the nature and extent of the Plaintiffs' damages to form a belief and, therefore, denies the

ELECTRONICALLY FILED - 2018 Nov 13 3:58 PM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

allegations contained in Paragraph 20 of the Plaintiffs' Complaint and demand strict proof thereof.

### FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION
(Civil Rights Violations 42 U.S.C. §§1983, 1988)

12. Paragraph 21 of Plaintiffs' Complaint fails to state an allegation of fact against this Defendant, and accordingly, an Answer is not required. To the extent an allegation of fact is alleged this Defendant denies same.

13. The Defendant admits the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

14. The Defendant denies the allegations contained in Paragraphs 23, 24, and 25 of the Plaintiffs' Complaint, and demands strict proof thereof.

15. The Defendant lacks sufficient information as to the nature and extent of the Plaintiffs' damages to form a belief and, therefore, denies the allegations contained in Paragraphs 26 and 27 of the Plaintiffs' Complaint and demand strict proof thereof.

### FOR A SECOND DEFENSE

16. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

17. This Defendant reserves, and does not waive, any additional defenses which may be appropriately asserted based upon discovery in this matter.

ELECTRONICALLY FILED - 2018 Nov 13 3:58 PM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

## FOR A THIRD DEFENSE

18. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

19. In further answering the Complaint, herein, the Defendant alleges and says that the imposition of excessive punitive damages on the basis of the incident giving rise to this lawsuit would deprive the Defendant of liberty and property without the due process of law, impose a cruel and unusual punishment and excessive fines, and would deny the equal protection of the laws in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the comparable provisions of the Constitution of the State of South Carolina.

## FOR A FOURTH DEFENSE

20. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

21. This Defendant is immune from suit and/or protected from liability pursuant to the South Carolina Tort Claims Act. This Defendant does affirmatively plead the South Carolina Tort Claims Act, as well as its rights privileges, limitations and immunities as a full and complete defense to all causes of action asserted by the Plaintiff, including but not limited to §15-78-60(17), §15-78-120(a), and §15-78-120(b).

ELECTRONICALLY FILED - 2018 Nov 13 3:58 PM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

## FOR A FIFTH DEFENSE

22. That each and every allegation set forth in the proceeding paragraphs hereof is hereby realleged and reiterated as fully as if set forth herein.

23. Plaintiffs have failed to state facts sufficient to constitute a cause of action.

WHEREFORE, the Defendant prays this Honorable Court inquire into the matters set forth herein, and enter its Order dismissing this matter, with an award of attorneys fees and costs to the Defendant.

HOWELL, GIBSON & HUGHES, P.A.

By: _s/Mary Bass Lohr_
Mary Bass Lohr
Post Office Box 40
Beaufort, SC  29901-0040
(843) 522-2400
Attorney for Beaufort County Sheriff's Office

Beaufort, South Carolina

November 13, 2018

ELECTRONICALLY FILED - 2018 Nov 13 3:58 PM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

ELECTRONICALLY FILED - 2019 Jan 10 10:45 AM - BEAUFORT - COMMON PLEAS - CASE#2018CP0701824

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE CIRCUIT COURT FOR THE |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | CASE NO.: 2018-CP-07-01824 |
| ) | |
| ) | |
| CHARLES D. HOLLEY and KATHLEEN HOLEY, ) | |
| Plaintiff, ) | |
| -vs- ) | AFFIDAVIT OF SERVICE |
| ) | |
| BEAUFORT COUNTY SHERIFF'S OFFICE, a Political ) | |
| Subdivision of the State of South Carolina and ) | |
| ROYAL WALLACE FYFE, III, Former Deputy Sheriff, ) | |
| Individually, ) | |
| Defendants. ) | |

Personally appeared before me, Jack E. Geren, III, who being duly sworn states that he served the following: (1) SUMMONS and (2) COMPLAINT; in this action on the DEFENDANT, ROYAL WALLACE FYFE, III; By delivering to the DEFENDANT, ROYAL WALLACE FYFE, III, personally; and leaving with him copies of the same at the downtown marina parking lot off of Bay Street, near Beaufort Tours, which is located at 1006 Bay Street, Beaufort, South Carolina 29902, at 9:00am on the 9th day of January 2019.

And that Jack E. Geren, III, is not a party to this action, has no interest therein or connection therewith.

Jack E. Geren, III
SLED PI Business License #1331

Sworn to and subscribed before me
this 9th day of **January** 2019.

Vanessa Geren, Notary Public
Beaufort County, South Carolina
My Commission expires: 06/08/2027